## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

RONALD CHARLES HESS,               )
                                   )
                Plaintiff,         )
                                   )
v.                                 )          No. CIV 12-366-RAW-SPS
                                   )
JUSTIN JONES, et al.,              )
                                   )
                Defendants.        )

### OPINION AND ORDER

Plaintiff, a former inmate at Lexington Correctional Center in Lexington, Oklahoma, filed this civil rights action under the authority of 42 U.S.C. § 1983, seeking monetary damages for his alleged wrongful incarceration. The defendants are Oklahoma Department of Corrections (DOC) Director Justin Jones, the Oklahoma Department of Corrections, the Rogers County, Oklahoma, Sheriff's Office, and the State of Oklahoma. Plaintiff alleges he was discharged from the DOC, but re-arrested shortly after his discharge from prison. According to the DOC website at http://www.doc.state.ok.us/, plaintiff's sentences in Rogers County District Court Case No. 2003-421 ended on September 23, 2012, and he is categorized as "inactive."

This is plaintiff's second case concerning an alleged wrongful incarceration. *See Hess v. Okla. Dep't of Corr.*, No. CIV-12-313-RAW-SPS (E.D. Okla. Sept. 18, 2012). It is unclear, however, whether this case raises precisely the same claims. Furthermore, plaintiff is advised that to the extent he is seeking compensatory damages for his alleged unconstitutional incarceration, he first must prove his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (citing 28 U.S.C. § 2254).

Nonetheless, the record shows that none of the defendants is a citizen located within

the territorial jurisdiction of the Eastern District of Oklahoma, and the events of which he complains did not occur in this district. Because proper venue does not lie in this district, *see* 28 U.S.C. § 1391(b), plaintiff's complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1406(a).

**IT IS SO ORDERED** this _15th_ day of November 2012.

**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**

2